## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL REFINING GROUP, INC., and ALPHA RECYCLING, INC., | Civil Action No.: 1:23-cv-01331-ER |
| Plaintiffs, | **PROTECTIVE ORDER** |
| vs. | |
| SAVAGE SOFTWARE CORP., and JOSEPH PETTI, REBEL MEAD, KANECT RECYCLING, LLC, and JOHN DOES 1-50. | |
| Defendants. | |

The Court, having been advised that the Parties have reached agreement regarding the production or disclosure of certain confidential or private information, documents or things, as described below, and that the disclosure of such Protected Material without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the Producing Party,[1] the Parties being in agreement and the Court being fully and duly advised in the premises,

IT IS HEREBY ORDERED:

1.      **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

---

[1] For purposes of this Order, the term "Producing Party" shall be defined as any Party or non-party who is required to produce or provide materials, testimony, hardcopy documents or "ESI," as defined in the Stipulated Protocol for Discovery of Electronically Stored Information and Hard Copy Documents. The term "Receiving Party" shall be defined as any party or non-party who receives materials, testimony, hard copy documents, or ESI.

this Order concerning Protected Material. "Protected Material" as defined herein is any document or data designated as CONFIDENTIAL, ATTORNEYS EYES ONLY or SOURCE CODE, as set forth below.  This Order is subject to any applicable Local Rule and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Form of Designation**. A party may designate documents as Protected Material under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL"), "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") or "SOURCE CODE - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "SOURCE CODE") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. If a party produces a document that contains Protected Material in native format, the native file shall be renamed to include the confidentiality designation, as set forth in the Stipulated Protocol for Discovery of Electronically Stored Information and Hard Copy Document, entered in this action.

3.      **Documents Which May be Designated CONFIDENTIAL**. Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

2

4.      **Documents Which May be Designated ATTORNEYS EYES ONLY**. Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5.      **Documents Which May be Designated SOURCE CODE**.  Any party may designate documents or information as SOURCE CODE upon making a good faith determination that the documents contain or represent computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6.      **Designation of Documents by Receiving Party**. Any party to this Order may designate as Protected Material any document produced by another party or third party, which document(s) shall remain designated as Protected Material under this Order.  This provision does not apply to documents designated as Protected Material by the Producing Party who produced those documents.

7.      **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Protected Material does not waive the right to subsequently so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order at Paragraph 9, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced,

6216199.1

the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material.

8.    **Inspection of Materials Prior to Production**. In the event that documents, materials or other information are made subject to inspection prior to their production, no marking of those materials need be made by the Producing Party at the time of that inspection. For purposes of such an inspection, all materials made available for the inspection shall be considered Protected Material and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the Producing Party wishes those materials to be considered Protected Material under this Order, the producing party shall so designate them in accordance with the procedures set forth in this Order.

9.    **Depositions**. With respect to any depositions that involve the disclosure of Protected Material of a Party to this action, such Party shall have <u>fourteen (14) days</u> after delivery of the final deposition transcript to serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Protected Material, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. No such deposition transcript shall be disclosed to any individual other than the individuals permitted under this Order during these <u>fourteen (14) days</u>. Upon being timely informed that specific portions of the deposition are designated as Protected Material, all parties shall limit disclosure of that transcript in accordance with this Order. The time frames set forth in this paragraph may be extended by agreement of the parties.

6216199.1

10.     **Protection of Protected Material**.

a.      <u>General Protections</u>. Protected Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) – (c) for any purpose whatsoever other than in this action or any appeal thereof.

b.      <u>Disclosure of CONFIDENTIAL Documents</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Material designated as CONFIDENTIAL to any third person or entity <u>except</u> as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review Protected Material: (1) Outside counsel for the parties and employees of outside counsel who have responsibility for the action and in-house counsel for the parties, as well as their assistants who have responsibilities in connection with this action. Any outside counsel who receives Protected Material designated as CONFIDENTIAL but who has not filed a notice of appearance in this action must complete the Acknowledgement and Agreement to Be Bound by the Protective Order (Attachment A); (2) individual parties and officers, directors, employees, agents or representatives of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of and decisions related to the litigation in which the information is disclosed; (3) the Court, any Special Master appointed by the Court and their personnel; (4) court reporters and recorders engaged for depositions and/or hearings; (5) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents but only after such persons have signed the Acknowledgment and Agreement to Be Bound by Protective Order (Attachment A); (6) consultants, investigators, litigation support personnel or experts employed by the parties or counsel for the parties, including their staff,

employees, and agents whose duties and responsibilities require access to such materials, to assist in the preparation for pretrial discovery, trial of this action and/or hearings but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound by Protective Order (Attachment A); (7) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary; (8) the author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); and (9) other persons only by written consent (or affirmative statement on the record in Court or at a deposition) of the Producing Party or upon order of the Court and on such conditions as may be agreed upon or ordered.

      c.      <u>Disclosure of ATTORNEYS' EYES ONLY and SOURCE CODE Information</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated ATTORNEYS EYES ONLY or SOURCE CODE only to:  (1) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Acknowledgment and Agreement to Be Bound by Protective Order (Attachment A); (2) designated In-House Counsel of the Receiving Party who has no involvement in competitive decision-making, if disclosure is reasonably necessary for this litigation, and they signed the Acknowledgment and Agreement to Be Bound by Protective Order (Attachment A); (3) experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgment and Agreement to Be Bound by Protective Order (Attachment A); (4) the court and its personnel; (5) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be

6

Bound by Protective Order (Attachment A); and (6) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      d.     All Protected Material shall be used by the parties solely for the necessary purposes of the prosecution or defense of this action.

      e.     Protected Material shall not be used by the Receiving Party in any other litigation, current or anticipated, or for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 10(b) – (c). It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material except by prior written agreement of counsel for the parties, or by order of the Court.

      f.     <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the original Acknowledgement of Understanding and Agreement to Be Bound by the Protective Order form signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

      **11.**    **Filing of Protected Material**. To the extent Protected Material is filed in connection with a motion, brief or other submission to the Court, it must be filed under seal, unless a Court orders otherwise.  This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Material must comply with any applicable rule or law for filing documents under seal.

6216199.1

**12.    No Greater Protection of Specific Documents**. Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**13.    Challenges by a Party to Designation as Protected Material**. The designation of any material or document as Protected Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

a.    <u>Meet and Confer</u>. A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party, or directly with a party who is appearing pro se. In conferring, the challenging party must explain in writing, the basis for its belief that the confidentiality designation was not proper. The designating party shall have an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b.    <u>Judicial Intervention</u>. A party who elects to challenge a confidentiality designation shall present the dispute to the Court initially by letter, before filing a formal motion. If the issue is not resolved by this means, or by order of the Court, a party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party/Producing Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

6216199.1

14.     **Action by the Court**. Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial.

15.     **Use of Protected Material or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party who intends to present Protected Material at a hearing or trial may only do so after first giving notice to the other parties and as directed by the Court.

16.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation**.

a.      If a Receiving Party is served with a subpoena or an order issued in other litigation or investigation that would compel disclosure of any material or document designated in this action as Protected Material, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.      The Receiving Party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to be issued.

c.      The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party in this case an opportunity to make attempts to protect its Protected Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or

6216199.1

encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Material by the other party to this case.

17.    **Obligations upon Conclusion of Litigation**.

a.    <u>Order Continues in Force</u>. Unless otherwise agreed upon in writing or ordered by the Court, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.    <u>Obligations upon Conclusion of Action</u>. Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal in this action, the Producing Party may make demand upon the Receiving Party to return or destroy all materials considered Protected Material under this Order, including "copies" as defined above, except as this Court may otherwise order. However, the attorneys for the Parties may keep one archival copy of their file, provided that the client is not given access to the information and/or materials without the written consent of the Producing Party.

18.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

6216199.1

20.    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

Dated: February 9, 2024

_____
JUDGE EDGARDO RAMOS

Dated: January 24, 2024

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

_____
Adam R. Bialek
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
Adam.Bialek@wilsonelser.com

TUCKER ELLIS LLP
Nicholas B. Clifford (pro hac vice)
100 South Fourth Street, Suite 600
St. Louis, MO 63102
(314) 571-4962
nicholas.clifford@tuckerellis.com

Dina Roumiantseva (pro hac vice)
201 Mission Street, Suite 2310
San Francisco, CA 94105
(415) 617-2132

*Attorneys for:*
*Defendants Savage Software Corp. and Joseph*
*Petti*

6216199.1

Dated: January 24, 2024

Respectfully submitted,

LEWIS & LIN LLC

Brett E. Lewis, Esq. (BL-6812)
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Brett@ilawco.com

*Attorneys for Plaintiffs*

Dated: January 24, 2024

FORBES LAW LLC

Glenn Forbes
166 Main Street
Painesville, OH 44077
Tel: (440) 739-6211
Fax: (850) 988-7066
gforbes@geflaw.net

*Attorneys for:*
*Kanect Recycling LLC and Rebel Mead*

6210280.1

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York  in any matter relating to the aforementioned and attached Protective Order and understands that the terms of the Order obligate him/her to use materials designated as CONFIDENTIAL, ATTORNEYS EYES ONLY AND/OR SOURCE CODE in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (printed):    _____

Job Title:    _____

Employer:    _____

Business Address:    _____

_____

Date:    _____

Signature:    _____

6216199.1