# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323   FAX: (718) 243-9326
WWW.ILAWCO.COM

PARTNERS
Brett E. Lewis
David D. Lin

SENIOR COUNSEL
Nicole Haff

OF COUNSEL
Eric Belanger
Roberto Ledesma

ASSOCIATES
Michael D. Cilento
Anna Iskikian
Jane J. Jaang
Rachel Ann Niedzwiadek
Savita Sivakumar
Shuyu Wang

November 15, 2024

**VIA ECF**
The Honorable Edgardo Ramos
Courtroom 619
Thurgood Marshall U.S Courthouse
40 Foley Square
New York, NY 10007

*Re: Global Refining Group, Inc., et al, v. Savage Software Corp., et. al.,*
*1:23-cv-01331-ER*

Dear Judge Ramos:

Plaintiffs Global Refining Group, Inc. and Alpha Recycling, Inc. (collectively, "Plaintiffs") in the above-captioned case respectfully submit this letter motion for approval to file the Settlement Agreement, as requested in the Court's October 17, 2024 Order [ECF No. 110] to retain jurisdiction over execution, under seal. This is a joint motion made by Plaintiffs and Defendants Savage Software Corp. and Joseph Petti (collectively, "Defendants") because, for the reasons below, the parties jointly believe that the settlement agreement should not be publicly-available.

As an initial matter, courts in this District have permitted parties to keep the terms of settlement agreements confidential, even as they retain jurisdiction. *See, e.g.*, *Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC*, 2012 WL 4471267, at *1 (S.D.N.Y. Sept. 21, 2012) (discussing this Court's "review of a confidential settlement agreement," upon which this court "dismissed the action . . . with prejudice and retained jurisdiction for purposes of enforcement of the settlement agreement"); *Access 4 All, Inc. v. Park Lane Hotel, Inc.,* 2005 WL 3338555, at *6 (S.D.N.Y. Dec. 7, 2005) (recognizing that, "[w]ithout breaching confidentiality" regarding the settlement agreement at issue, the court nonetheless "retain[ed] jurisdiction to enforce" a confidential settlement agreement). Filing of settlement agreements under seal is entirely consistent with the Second Circuit's long-held respect for the inherent confidentiality of settlement terms. *See In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. 468, 472 (E.D.N.Y. 1981),

# LEWIS & LIN LLC

*aff'd*, 677 F.2d 230 (2d Cir. 1982) (recognizing the "well-established American litigation practice" of maintaining secrecy for settlement terms under appropriate circumstances); *see also Palmieri v. State of New York*, 779 F.2d 861, 864 (2d Cir. 1985) (reversing district court's decision to lift a sealing order that applied to a settlement agreement).

   The parties have, as part of their settlement agreement, agreed to keep the terms of the Settlement Agreement confidential to protect the parties' respective business interests, including but not limited to keeping the nature and amount of consideration exchanged and the nature of injunctive relief agreed to confidential. In part, because Defendants and Plaintiffs operate within a highly-competitive industry, they have made the confidentiality of their settlement agreement a part of their bargained-for settlement.

   First, to avoid the appearance of wrongdoing, given that no party in this case has admitted to any wrongdoing pursuant to settlement, the confidentiality in the Settlement Agreement should be honored to maintain the reputation and integrity of both parties' financial and business interests. *See Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548 (S.D.N.Y. April 12, 2016) ("A legitimate privacy interests certainly exists in the financial documents of a privately held company"). Public access to the Settlement Agreement means each of the parties' competitors will have access to the Settlement Agreement, all of which may analyze the document and the requirements of each party owed therein for their own financial gain. This defeats the purpose of the parties settling to preserve each of their business interests. Furthermore, the parties want to ensure that the terms of the agreed-upon settlement are kept confidential to insulate each party from copycat litigation.

   Second, the Settlement Agreement makes reference to a specific set of customers and partners linked to both businesses. *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (sealing document containing client lists). The proposed injunctive relief contained in the Settlement Agreement will affect both parties' involvement with such customers and partners. The proposed injunctions represent information that could threaten the markets and livelihoods of the companies and their employees involved in each contractual client relationship mentioned, if released before the gradual execution of the injunction detailed within the Settlement Agreement.

   For the foregoing reasons, the parties jointly request that this Court permit the sealed filing of the Settlement Agreement, as requested to retain the Court's jurisdiction over execution of such, under seal. In the alternative, should the court not grant the instant Motion to Seal, the parties request permission to submit an agreed-upon redact version of the Settlement Agreement.

It is SO ORDERED.

_____
Honorable Edgardo Ramos, U.S. District Judge
Dated:   11/18/2024
New York, New York

Respectfully Submitted,

_____
Brett Lewis
Jane Jaang
Shuyu Wang
**LEWIS & LIN LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201

LEWIS & LIN LLC

        Brett@ilawco.com

        *Attorneys for Plaintiffs Global Refining Group, Inc., and Alpha Recycling, Inc*

        Nicholas B. Clifford
        **TUCKER ELLIS LLP**
        100 South Fourth Street, Suite 600
        St. Louis, MO 63102
        nicholas.clifford@tuckerellis.com

        Dina Roumiantseva (pro hac vice)
        201 Mission Street, Suite 2310
        San Francisco, CA 94105
        Dina.Roumiantseva@tuckerellis.com

        Adam R. Bialek
        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
        150 E. 42nd Street
        New York, NY 10017
        Adam.Bialek@wilsonelser.com

        *Attorneys for Defendants Savage Software Corp., and Joseph Petti*

6696232.1